UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

Nos. 23-3165, 23-3195

———————————

UNITED STATES OF AMERICA,                      Appellee,

    v.

ENRIQUE TARRIO,                                   Appellant.

## APPELLEE'S UNOPPOSED MOTION TO VACATE CONVICTIONS AND REMAND FOR DISMISSAL

Pursuant to the Executive Order issued by President Donald J. Trump dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, the United States moves this Court to vacate appellant Enrique Tarrio's convictions and to remand the case to the district court for dismissal with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). In support of this motion, the United States submits as follows:

    1. In the Executive Order issued on January 20, 2025, President Trump has directed the Attorney General to pursue dismissal

with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021.

2. The United States respectfully submits that Rule 48(a) provides the appropriate procedural mechanism to accomplish the dismissal directed by the Executive Order. *See, e.g.*, *United States v. Watts*, 422 U.S. 1032, 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the United States District Court for the Northern District of Georgia to permit the Government to dismiss charges against petitioner."); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment."); *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999) ("Under Federal Rule of Criminal Procedure 48(a), the government has the power to move to dismiss any

count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final.").

3. The undersigned has contacted Nayib Hassan, Esq., Tarrio's attorney, who has indicated that he does not oppose this motion.

4. Although Mr. Tarrio's case has been consolidated with those of other defendants, this motion only applies to Mr. Tarrio.

## Conclusion

WHEREFORE, the United States respectfully requests that this Court enter an order vacating the defendant's convictions and remanding the case to the district court for dismissal under Federal Rule of Criminal Procedure 48(a).

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/
DANIEL J. LENERZ
D.C. Bar #888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Nayib Hasan, Esq., LAW OFFICES OF NAYIB HASSAN, P.A., 6175 NW 153 St., Suite 209, Miami Lakes, FL 33014, on this 23rd day of January, 2025.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 389 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney